## HALL v. STATE.
### No. 16456.

Court of Criminal Appeals of Texas.
Feb. 28, 1934.

Sam Williams, of Mt. Pleasant, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing intoxicating liquor for the purpose of sale; the punishment being one year in the penitentiary.

The indictment is in regular form. No statement of facts or bills of exception appear in the record. In such condition nothing is presented for review.

The judgment is affirmed.

Nat Patton and C. W. Kennedy, Jr., both of Crockett, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possessing intoxicating liquor for the purpose of sale; the punishment being assessed at two years in the penitentiary.

Under the authority of a search warrant officers found in appellant's house 39½ pints of whisky and 2 half-gallon jars of whisky. They also found a quantity of empty pint and half-pint bottles. The evidence also showed that appellant had been selling whisky, and that he had bought 6 or 8 cases of half-pint bottles. No evidence for appellant was introduced.

■■ The motion for a new trial was overruled on August 26th, and 30 days allowed for filing statement of facts and bills of exception. The time expired on September 25th. On September 23d, an attorney requested the court to further extend the time upon the ground that counsel who had represented appellant on the trial had withdrawn from the case and that present counsel was not employed until August 19th, and had not been able to secure the statement of facts and to prepare bills of exception within the time originally allowed. The court declined to grant any further extension. To this action of the court appellant excepted, and the only bill found in the record relates to that matter. The statement of facts is in the record and was in fact filed in the lower court on September 25th, within the 30-day period. There is no showing in the application for a further extension that exceptions were reserved to any proceeding or ruling of the court during the trial. Unless such ex-

## McCLENDON v. STATE.
### No. 16412.

Court of Criminal Appeals of Texas.
Feb. 21, 1934.

